O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 12-0960 DOC (ANx)            Date: November 26, 2012

Title: PHILIP DAVIS, ET AL. V. PROFESSIONAL MUSICIANS LOCAL 47, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT AFM'S MOTION TO DISMISS WITH PREJUDICE**

      Before the Court is a Motion To Dismiss (Dkt. 23) filed by Defendant American Federation of Musicians of the United States and Canada (AFM), the parent union of Professional Musicians' Local 47 (Local 47), another Defendant in this case. For the reasons that follow, the Court will GRANT AFM's Motion To Dismiss WITH PREJUDICE.

**I.    Background**

      The following facts are drawn from Plaintiffs' Complaint and assumed true for the purposes of this Order.

      Plaintiffs are musicians who are members of Local 47 and part of a collective bargaining unit of musicians employed by the Performing Arts Center of Los Angeles (Music Center Dance) for ballet productions. Their group of musicians is commonly called the Ballet Orchestra, and they have consistently worked for Music Center Dance's ballet productions for more than 20 years. The terms of employment for Plaintiffs are provided, in part, by a collective bargaining agreement between Local 47 and Music Center Dance. The current agreement ran until December 31, 2011, but continues in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0960-DOC (ANx)                      Date: November 26, 2012
                                                                                                                                          Page 2

---

effect until a new agreement is reached and ratified. Plaintiffs Local 47 and Music Center Dance are negotiating a successor collective bargaining agreement. Local 47 has a separate collective bargaining agreement with the Los Angeles Opera (the Opera) for performances by Local 47 members with the Opera.

      Plaintiffs allege that sometime before December 2011, Music Center Dance contracted with the Opera, who in turn hired the Opera Orchestra for the Ballet Orchestra's work. Plaintiffs allege Local 47 was aware of and agreed to the arrangement between Music Center Dance and the Opera, and Local 47 did not notify its Ballet Orchestra members of the arrangement.

      In November 2011, Local 47 appointed five members to the Orchestra Committee for the Ballet Orchestra (Ballet Orchestra Committee), a committee designated to negotiate the next collective bargaining agreement with Music Center Dance. Three of the members appointed were part of the Ballet Orchestra. Two members, Nadine Hall (Hall) and Greg Goodall (Goodall), however, were members of the Opera Orchestra. Goodall, at the time of his appointment to the Orchestra Committee, was the Chair of a similar committee for the Opera Orchestra. Plaintiffs allege that Goodall actively sought to obtain the Ballet Orchestra's work for the Opera Orchestra and opposed all contract proposals that did not favor the Opera Orchestra to the Ballet Orchestra's detriment.

      At the January 24, 2012, Local 47 union meeting, members of the Ballet Orchestra bargaining unit stated their objections to the subcontract arrangement between Music Center Dance and the Opera and Opera Orchestra. On January 29, 2012, the members of the Ballet Orchestra asserted the arrangement violated the collective bargaining agreement and submitted a petition to Local 47 demanding use of the Opera Orchestra for ballet performances stop. On March 23, 2012, members of the Ballet Orchestra filed internal charges against the president of Local 47 and submitted a grievance to Local 47.

      On April 23, 2012, Local 47 proposed a new collective bargaining agreement with Music Center Dance that would allow Music Center Dance to subcontract work that had been historically performed by the Ballet Orchestra. Local 47 did not allow the Ballet Orchestra members to participate in the negotiations or vote on the proposals.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0960-DOC (ANx)                  Date: November 26, 2012
                                                                                             Page 3

      Plaintiffs filed a class action complaint, alleging that Local 47 failed to fairly represent its members by failing to represent the interest of the bargaining unit, by consenting to and facilitating the transfer of bargaining unit work to the Opera Orchestra, by failing to hold elections of the orchestra committee for the Ballet Orchestra, by failing to maintain a list of bargaining unit members, by arbitrarily including members of the Opera Orchestra in the bargaining unit and negotiating committee, by failing to advise the Ballet Orchestra of the subcontracting of bargaining unit work to the Opera and Opera Orchestra, and by arbitrarily and in bad faith favoring the interests of the members of Opera Orchestra over those of the Ballet Orchestra.

      Plaintiffs allege AFM failed its class members by not appointing a mediator to resolve the differences between the bargaining unit and Local 47 when Local 47 failed to represent the Ballet Orchestra fairly.[1] AFM stated that because Local 47 was one of the largest unions in the country it would look bad for Local 47 if AFM appointed a mediator

---

[1] Article 5, Section 38(a) of the AFM Bylaws provides (Compl. ¶ 33):

>"In representing members of symphonic orchestras (as defined in Article 14) for purposes of collective bargaining with their employers, Locals shall provide . . . at least the following services (1) competent representation in negotiations as the situation requires and the orchestra members may reasonably request[.] The Symphonic Services Division in the International President's office and the Canadian Office shall supervise the Local's responsibilities in this regard, including making determinations concerning the adequacy and suitability of representation furnished for negotiations, and shall render whatever assistance it deems necessary."

In addition, Article 5, Section 38(b) of the AFM Bylaws provides:

>In the event that a Local does not or cannot provide the services set forth above in a satisfactory manner, or upon the request of the Local or the members of an orchestra for reasonable cause, the International President . . . shall have the authority to . . . [a]ppoint a representative who shall act as a mediator and shall work to resolve any differences that may exist between the Local and its bargaining unit (the Orchestra Members) . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0960-DOC (ANx)            Date: November 26, 2012
                                                                                         Page 4

and, further, that AFM would only act on a request for mediation if it came from Local 47.

Plaintiffs allege that Music Center Dance breached the collective bargaining agreement by favoring the use of the Opera Orchestra and subcontracting the Ballet Orchestra's work to the Opera Orchestra by using the Opera as its contractor for performances. Music Center Dance also violated the collective bargaining agreement by using pre-recorded music for performances that were typically Ballet Orchestra work.

Plaintiffs seek an order certifying the action as a class action, a declaration that Local 47 breached its duties of fair representation and violated its bylaws, an award against Local 47 for damages arising from the breach of duty, damages arising from Music Center Dance's breaches of the collective bargaining agreement, a declaration that AFM breached its duties of fair representation and violated its bylaws and damages arising from the breach, as well as the cost of the lawsuit and attorney's fees. Plaintiffs also seek equitable and injunctive relief: setting aside any new contract with Music Center Dance that Local 47 negotiated, directing Local 47 and/or AFM to appoint new negotiators who are not hostile to members of the Ballet Orchestra and who will conduct elections for a new orchestra committee.

Local 47 has filed a Motion To Dismiss And To Strike, and AFM filed a Motion To Dismiss. Any further facts necessary to the analysis shall be discussed below.

## I.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0960-DOC (ANx)                 Date: November 26, 2012
                                                                                             Page 5

---

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

       In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).
       Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

       **III. Analysis**
       Plaintiffs assets two causes of action against the AFM. Plaintiffs allege that AFM failed to appoint a mediator, and that this failure violated AFM's duty of fair representation to Plaintiffs (the Complaint's First Cause of Action). That same failure to appoint a mediator, Plaintiffs allege, breaches Article 5, § 38(b) of AFM's bylaws, which is a breach of contract under § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) (Sixth Cause of Action).

         **i.**        **The Duty Of Fair Representation Claim Fails Because AFM Is Not Plaintiffs' Exclusive Bargaining Representative And The Constructive Representation Theory Does Not Apply**

      Both AFM and the Plaintiffs agree that usually the duty of fair representation only attaches to the union that is the exclusive representative for a plaintiff. Mot. 5-6 (citing *Dycus v. N.L.R.B.*, 615 F.2d 820, 827 (9th Cir. 1980) ("A labor organization that is not the exclusive representative of a bargaining unit, however, owes no duty of fair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0960-DOC (ANx)　　　　　　　　　　　　　Date: November 26, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

representation to the members of the unit."); Opp. 5 ("The duty of fair representation, while normally a duty for the union that is the exclusive representative, is not necessarily so limited."); *see also Vaca v. Sipes*, 386 U.S. 171, 177 (1967). The CBA and AFM's Bylaws make clear that Local 47 is the exclusive bargaining agent for Plaintiffs, and Plaintiffs do not contest that characterization. CBA art. I(a) & II(B); AFM Bylaws art. 14, § 4(a).

Thus, if the AFM has a duty to fairly represent Plaintiffs, it must be through an exception to this general rule. Plaintiffs offer a theory of constructive representation: if the "union has held itself out as representing employees so that the employees could fairly rely on the union's commitment to represent them," then that union owes a duty of fair presentation. Opp. 5-6.

Plaintiffs cite three cases from outside the Ninth Circuit to support their argument for an exception to the general rule. But each is easily distinguishable, and in each case the union could credibly insist that an employer had to deal with it exclusively. This is important because, as AFM notes, the duty of fair representation flows directly from an employer's obligation to deal exclusively with a union concerning conditions of employment. "It is a principle of general application that the exercise of *a granted power to act in behalf of others* involves the assumption toward them of a duty to exercise the power in their interest and behalf." *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 202 (1944) (emphasis added).[2] The Court will briefly discuss each of Plaintiff's cited cases.

### a. *BIW Deceived*

The Court in *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824 (1st Cir. 1997), upheld a denial of a motion to remand. In so doing, the Court held that an alternative ground for a colorable federal claim was on the basis of constructive representation. *Id.* at 833. This was because the union allegedly told prospective employees they would have jobs for the duration of a union contract, if not longer, and the employees then relied on the promise. *Id.* This offer, made during the recruitment process, meant that the union "acted in a representational capacity," and thus the allegations "sufficiently resemble[d] a DFR [duty of fair representation] claim" to present a colorable federal question. *Id.* The underpinning of the duty of fair

---

[2] It also appears clear from Plaintiff's cases that a concern underlying constructive representation is that without such a theory, a union could promise to represent the interests of someone not in the union, begin to negotiate with the employer, lead that worker to rely on the promise, and then renege. The result could leave the worker without recourse. Here, no such concern is present because Plaintiffs still have an exclusive bargaining agent, their Local.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0960-DOC (ANx)            Date: November 26, 2012
                                                                                                    Page 7

representation analysis was that the union in question was the "exclusive collective bargaining representative to those within the bargaining unit." *See id.* at 831.

### b. *Chavez*

In *Chavez v. United Food & Commercial Workers Int'l Union*, 779 F.2d 1353, (8th Cir. 1985), the Court found that the union owed a duty of fair representation to striking workers, even though the union was not certified as the bargaining representative for those workers. In this respect, *Chavez* at first appears more helpful to Plaintiffs here. But in *Chavez*, the union had previously been certified and the certification lapsed, *id.* at 1355, "the majority of employees had designated the union as their bargaining agent," the union "accepted that designation," and it "attempted to bargain" on behalf of those employees, *id.* at 1357. Those facts were "sufficient to establish exclusive representative status for purposes of imposing a duty of fair representation." *Id.* at 1356. No analogous facts are alleged here.

### c. *Nedd*

Finally, in *Nedd v. United Mine Workers of America*, 556 F.2d 190 (3d Cir. 1977), the Court discussed the duty of fair representation in the context of whether the federal district court properly had subject matter jurisdiction. The union was the certified bargaining representative and undertook to "act as collector and enforcer" of a contractual royalty entitlement on behalf of retirees who were not members of the bargaining unit. *Id.* at 199-200. The court found that the duty of fair representation claim under those circumstances was not so patently groundless that it could not support pendent jurisdiction of state law claims. *Id.* at 200.

This lawsuit is not sufficiently similar to any of the cases that Plaintiffs would rely on. This Court has serious doubts that any of AFM's alleged actions—such as promising to "render whatever assistance *it deems necessary*," (emphasis added) or the provision that the AFM's President "shall have the authority" to appoint a mediator, Opp. 7—is the equivalent of the actions in *Nedd*, *Chavez*, and *BIW*. In those cases, the unions began to negotiate with an employer on behalf of those non-members claiming constructive representation. But regardless of whether the allegations here amount to a promise to represent Plaintiffs, there is no duty here. AFM has no claim to be the exclusive bargaining agent with Music Center Dance and thus none of Plaintiffs' cited cases provide support for their constructive representation theory.

Because there is no reasonable basis to believe Plaintiffs can amend to allege a duty owed by AFM, the first claim for relief is DISMISSED WITH PREJUDICE.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0960-DOC (ANx)            Date: November 26, 2012
                                                                                            Page 8

### ii. The Sixth Claim For Relief Fails Because Plaintiffs Lack Standing

AFM makes three arguments to support dismissal of a claim for breach of contract because AFM failed to appoint a mediator. First, AFM contends the claim is not ripe, because Local 47 and Music Center Dance have yet to reach a new collective bargaining agreement, and thus any injury to Plaintiffs is not yet ripe for adjudication. Second, AFM asserts that Plaintiffs lack standing because they cannot show any injury suffered would be redressed by court-ordered relief. And third, AFM argues that its bylaws establish no obligation to appoint a mediator, and the alleged reasons for failing to do so do not state claim. Mot. 7-12. Because Plaintiffs have not shown redressability, the Court dismisses on that ground and does not reach the other arguments.

#### a. Appointment Of A Mediator Does Not Redress An Unfavorable Bargaining Agreement Because Relief Depends On Actions Of Independent Parties

AFM argues that Plaintiffs' described injury and proposed redress does not meet constitutional standing. Mot. 10. This Court agrees. Plaintiffs have failed to meet their burden to show standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), for reasons that follow.

To establish Article III standing, a plaintiff must make three showings: first, "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560-61 (internal quotation marks and citations omitted). Second, a plaintiff must show "a causal connection between the injury and the conduct complained of"—the injury has to be fairly traceable to the alleged action of the defendant. *Id.* And, third, the plaintiff must show it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiffs allege that they have been damaged by a failure to appoint a mediator because "the foreseeable consequence . . . has been the failure of Local 47 to negotiate collective bargaining terms protecting the bargaining unit work of the Ballet Orchestra and Local 47's proposal of contract terms that are detrimental and adverse to the interests of the Ballet Orchestra." For this alleged harm, Plaintiffs seek damages and equitable and injunctive relief, including a court order directing AFM to appoint a mediator under Article 5, Section 38(b)(1) of the AFM bylaws.

AFM argues that it is "pure speculation that the appointment of a mediator (either in the past or in the future) would result in a more favorable collective bargaining agreement with the employer, Music Center Dance." Mot. 10. The mediation section of


**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0960-DOC (ANx)                                              Date: November 26, 2012
                                                                              Page 9

the AFM Bylaws provides that, if a Local cannot provide satisfactory collective bargaining representation, or "upon request of the Local or the members of an orchestra for reasonable cause," the AFM International President "shall have *the authority* . . . [to] [a]ppoint a representative who shall act as a mediator and shall work to resolve any differences that may exist between the Local and its bargaining unit (the Orchestra Members)." AFM Bylaws Art. 5 § 38(b)(1) (emphasis added). This non-binding mediator, whom the International President may appoint in his discretion (he "shall have the authority"), cannot meet the required showing that such a mediator would likely redress any injury of a collective bargaining agreement that harms Plaintiffs, or the alleged injury from the Local proposing terms less favorable to Plaintiffs.[3] Whether a mediator would have any effect depends not only on whether the mediator chooses to advance Plaintiffs' cause, but also on actions by the Local and Music Center Dance. "There is no redressability, and thus no standing, where . . . any prospective benefits depend on an independent actor who retains broad and legitimate discretion the courts cannot presume either to control or to predict." *Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006); *see also Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 43 (1976).

      Plaintiffs respond by arguing that "failure to have the opportunity to resolve the multiple issues between plaintiffs and Local 47 is a concrete injury." Opp. 11. Further, the uncertainty of redressing that injury "is not the kind of uncertainty that would prevent a court from ordering mediation." *Id.* The only case cited in support of either argument is *In re Atlantic Pipe Corp.*, 304 F.3d 135 (1st Cir. 2002). In *Atlantic Pipe*, the First Circuit held that it was within a district court's inherent power to compel non-binding mediation, based in part on a court's inherent power to manage its calendar. *Id.* at 143. But a court having the power to do something does not tell us whether that action would redress a particular alleged injury. And Plaintiffs' point that "potential benefits of mediation exist even if the outcome is uncertain," simply begs the question of how likely it is that a mediator would redress the harm. Here the potential benefits are simply too speculative to satisfy the requirement to show standing. Thus, the sixth claim for relief is DISMISSED WITH PREJUDICE.

      //
      //
      //
      //

---

[3] The fact that there is no new collective bargaining agreement yet also highlights AFM's argument about ripeness, but the Court does not reach this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0960-DOC (ANx)          Date: November 26, 2012
         Page 10

**IV. Conclusion**

For the reasons above, both claims against AFM are DISMISSED WITH PREJUDICE. The Motion To Dismiss filed by Local 47 shall be resolved in a separate Order.

The Clerk shall serve a copy of this Order on all parties.


MINUTES FORM 11          Initials of Deputy Clerk: jcb
CIVIL-GEN